**BATTA/FULKERSON**
Taylor J. Gaines, Esq. (State Bar No. 285909)
1899 McKee Street
San Diego, CA 92110
Telephone: (619) 333-5555
Facsimile: (619) 878-6635

Attorney for Plaintiff,
FELIX GUTIERREZ PEREZ

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIX GUTIERREZ PEREZ,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>CITY OF SAN DIEGO; and DOES 1-100,<br><br>　　　　　Defendants. | Case No. **'22CV0712 BEN AGS**<br><br>**COMPLAINT FOR DAMAGES BASED ON:**<br><br>1. **42 U.S.C. § 1983 (4th Amend.) Excessive Force**<br>2. **Negligence**<br><br>**DEMAND FOR JURY TRIAL** |

This case arises from law enforcement's use of excessive force on an unarmed man who suffered serious physical injury. Plaintiff alleges the following:

## JURISDICTION AND VENUE

1. This is a lawsuit for money damages under 42 U.S.C. § 1983, et seq., for the violations of Plaintiff's federal constitutional rights. Jurisdiction arises under 28 U.S.C. §§ 1331 and 1343.

2. The incident took place at 3048 K Street, San Diego, CA 92102. Venue in this Court is proper under 28 U.S.C. § 1391(b).

//
//

3. The incident took place on November 19, 2020. Plaintiff submitted a timely government tort claim to the City of San Diego on January 28, 2021, within six months of the incident. The City of San Diego confirmed receipt of said claim on February 1. 2021. The City denied the claim on by written correspondence on December 2, 2021.

4. The Court has supplemental jurisdiction over the state-law claims pursuant to 28 U.S.C. § 1367.

## PARTIES

5. At all relevant times to this lawsuit, Plaintiff Felix Gutierrez Perez was and is a resident of the City of San Diego, California.

6. Defendant City of San Diego is a public entity existing under the laws of the State of California. At all times relevant to this lawsuit, Defendant City of San Diego was the employer of Defendants Does 1-100.

7. Upon information and belief, employees of Defendant City of San Diego are also liable for the harm to Plaintiff. At all relevant times, Does 1-100 were employees of the San Diego Police Department and performed the relevant acts within the course and scope of their employment. Does 1-100 performed those acts under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of California. Does 1-100 are sued in their individual capacities (as to the federal cause of action under section 1983) and as employees of Defendant City of San Diego (as to the state law claims). Plaintiff will amend this Complaint to identify the individuals after learning their identities.

## FACTUAL ALLEGATIONS

8. On November 19, 2019, Mr. Gutierrez Perez was at his home located at 3048 K Street in San Diego California.

//
//
//

COMPLAINT FOR DAMAGES

9. 3048 K Street is located just behind 3046 K Street, San Diego, California, 92102. 3048 K Street is essentially a "backhouse" to 3046 K Street. Both homes are located on the same plot of land. However, they are separate residences.

10. On the evening of November 19, 2019, Mr. Gutierrez Perez was watching television inside his home when he heard what appeared to be someone breaking into 3046 K Street.

11. Mr. Gutierrez Perez later learned it was officers of the San Diego Police Department. On information and belief, the officers were looking for a male resident who lived at 3046 K Street. The officers were accompanied by at least one K-9 officer.

12. Plaintiff is informed and believes, and thereon alleges, that Mr. Gutierrez Perez was never the subject of the San Diego Police Department's search.

13. All of a sudden, several San Diego Police Officers approached Mr. Gutierrez Perez' residence and ordered him out of his own home.

14. When Mr. Gutierrez Perez did not exit his home, Doe 1, a San Diego Police Officer, ordered the K-9 officer into the home to detain Mr. Perez.

15. The K-9 officer entered Mr. Gutierrez Perez home and immediately bit Mr. Gutierrez Perez on his left forearm.

16. The K-9 officer clenched its teeth into Mr. Gutierrez Perez' forearm for two to three minutes, breaking through the skin, muscle, soft tissue and ligaments.

17. Mr. Gutierrez Perez later learned that the police were looking for the son of his neighbor, a resident of 3046 K Street.

18. As a direct and proximate result of Defendants' conduct, Mr. Gutierrez Perez experienced substantial pain, suffered serious physical injury, and incurred significant medical bills. Mr. Gutierrez Perez also suffered severe emotional distress. Both the physical and emotional harm are ongoing. Mr. Gutierrez Perez also missed work due to the Defendants' conduct.

//

COMPLAINT FOR DAMAGES

# FIRST CAUSE OF ACTION

## Excessive Force – 4th Amendment – 42 U.S.C. § 1983

### (Against Does 1-100)

19. Plaintiff realleges and incorporates by reference the paragraphs stated above.

20. Although Mr. Gutierrez Perez was visibly unarmed and did not pose any threat to the safety to officers or bystanders, Does 1-100 allowed a K-9 officer to attack and viciously bite Mr. Gutierrez Perez. Does 1-100 were not aware of Mr. Perez committing any crime before their encounter began and entered into Mr. Gutierrez Perez' home without probable cause and without consent. The totality of the force Does 1-100 used on Mr. Gutierrez Perez was unreasonable, unjustified, and excessive. Does 1-100 used this excessive force under color of law, which constituted an unlawful seizure in violation of Mr. Gutierrez Perez' rights under the Fourth Amendment to the U.S. Constitution.

21. As a proximate result of the excessive force, Mr. Gutierrez Perez suffered the harm set forth in Paragraphs 17-18. Under 42 U.S.C. § 1983, Mr. Gutierrez Perez is entitled to compensatory damages in an amount to be proven at trial.

22. Mr. Gutierrez Perez is further entitled to costs and reasonable attorney's fees under 42 U.S.C. § 1988.

23. In committing the acts alleged above, Does 1-100 acted maliciously and with a wanton and reckless disregard for Mr. Gutierrez Perez' rights. As a result, Mr. Gutierrez Perez is entitled to punitive damages in an amount to be proven at trial.

//
//
//
//

COMPLAINT FOR DAMAGES

## SECOND CAUSE OF ACTION

### Negligence

### (Against All Defendants)

24. Plaintiff realleges and incorporates by reference the paragraphs stated above.

25. Does 1-100 owed a duty of reasonable care to Mr. Gutierrez Perez, the individual whom they seized. Based on the conduct alleged above, they breached that duty of reasonable care.

26. This negligence directly and proximately caused the harm identified in Paragraphs 17-18.

27. Does 1-100 were acting within the scope of their employment as law enforcement officers of the San Diego Police Department. Thus, the statutory basis for Defendant City of San Diego's liability is California Government Code section 815.2, subdivision (a).

28. Mr. Gutierrez Perez is entitled to compensatory damages against all Defendants in an amount to be proven at trial.

29. Further, Does 1-100 acted with unnecessary, cruel, and despicable conduct and in wanton disregard for the civil rights, health, and safety of Mr. Gutierrez Perez. As a result, Mr. Gutierrez Perez is entitled to recover exemplary and punitive damages against Does 1-100 in an amount to be proven at trial.

//
//
//
//
//
//
//

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, as follows:

1. Compensatory damages, including both general and special damages;
2. Statutory treble damages;
3. Punitive damages (against individual defendants only);
4. Attorney fees;
5. Costs incurred in this lawsuit;
6. Prejudgment interest; and
7. Other relief that the Court deems proper.

Dated: May 17, 2022

Respectfully submitted,

By: *(signature)*
Taylor J. Gaines (SBN 285909)
Attorney for Plaintiff

# DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial as to all causes of action.

Dated: May 17, 2022

Respectfully submitted,

By: *(signature)*
Taylor J. Gaines (SBN 285909)
Attorney for Plaintiff