UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIX GUTIERREZ PEREZ,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF SAN DIEGO, DOES 1-100,<br><br>    Defendants. | Case No.: 3:22-cv-0712-BEN-AGS<br><br>**ORDER DENYING DEFENDANT CITY OF SAN DIEGO'S MOTION TO DISMISS**<br><br>[ECF No. 8-1] |

**I. Introduction**

  Plaintiff Felix Gutierrez Perez ("Plaintiff") brings his First Amended Complaint ("FAC") against Defendant City of San Diego ("Defendant") and Defendants San Diego Police Officers Does 1-100 ("Doe Defendants"). Plaintiff alleges two claims for relief stemming from a law enforcement interaction which resulted in a police dog biting and injuring Plaintiff. The first claim for relief alleges excessive force based on 42 U.S.C. § 1983 against Doe Defendants. The second claim for relief alleges negligence under California Government Code § 815.2(a) against all Defendants. Defendant now moves for dismissal of the FAC on various grounds. In the alternative, Defendant moves for a more definite statement under Federal Rule of Civil Procedure 12(e). The Defendant's motion to dismiss was fully briefed. *See* ECF Nos. 14, 16.

  For reasons set forth herein, the motion to dismiss is DENIED.

## II. Background

### Factual Allegations[1]

The Plaintiff's claims arise from an incident which occurred on November 19, 2020.[2] FAC ¶ 8. At that time, Plaintiff was 63 years old and living in a shed behind a house located at 3046 K Street in San Diego. FAC ¶¶ 9, 19. Plaintiff alleges the shed is a separate residence and has a separate entrance, however the two structures are on the same plot of land. FAC ¶ 10. On the evening of November 19, 2020, Plaintiff was laying on a recliner watching television inside the shed. FAC ¶ 13. At that time, San Diego Police officers were executing a warrant at the house at 3046 K Street, looking for a male resident who lived at that address. FAC ¶ 14. During their search, the officers approached and surrounded the shed. FAC ¶ 16. The officers "discuss[ed] how they would break through the front door." *Id*.

Plaintiff alleges Defendant Doe Officer # 1 stated, "anyone in the shed, San Diego Police Department." FAC ¶ 17. This was stated in English at a "normal" volume. *Id*. Without further warning, Doe Officer # 1 opened the plywood front door of the shed and ordered a K-9 dog, "Atos," into the shed. FAC ¶ 20. Atos entered the shed and immediately bit Plaintiff on his left forearm. FAC ¶ 21. The bite lasted seventeen (17) to twenty (20) seconds and broke through skin, muscle, soft tissue, and ligaments. FAC ¶ 22. At least five other Doe Defendants stood and watched as Atos clenched down on Plaintiff's forearm. FAC ¶ 23. Plaintiff alleges Doe Officer # 1 never verbally ordered

---

[1] For the purposes of Defendant City of San Diego's Motion to Dismiss, the Court assumes facts pled in the First Amended Complaint are true. *Mazarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The Court is not making factual findings.

[2] In its motion, Defendant notes a date discrepancy in Plaintiff's FAC. For the purpose of this Order the Court assumes the true date of the incident is November 20, 2020.

Atos to release Plaintiff. FAC ¶ 24. Plaintiff incurred medical expenses and missed work due to his injuries. FAC ¶ 25.

**Legal Standard**

Rule 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Dismissal under Rule 12(b)(6) is warranted where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable plausible claim. *See Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1990). A complaint may survive a motion to dismiss if, taking all well pled factual allegations as true, it contains enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although detailed factual allegations are unnecessary, the complaint must be supported by more than "[t]hreadbare recitals of the elements of a cause of action" or "mere conclusory statements." *Id*. For the purposes of a motion to dismiss, the Court assumes the facts pled in the complaint are true, construes the pleading in the light most favorable to the party opposing the motion, and resolves doubts in the pleader's favor. *Lazy Y Ranch LTD. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). However, the Court need not accept as true allegations that contradict facts that may be judicially noticed. *Schwarz v. U.S.*, 234 F.3d 435 (9th Cir. 2000).

Additionally, a party may request a more definite statement under Federal Rule Civil Procedure 12(e). A more definite statement may be requested when a complaint "is so vague or ambiguous that the party cannot reasonably prepare a response." F. R. Civ. P. 12(e).

**III.    Request for Judicial Notice – Body Worn Camera Footage**

Prior to the instant motion, the Defendant provided Body Worn Camera ("BWC") footage to aid Plaintiff in drafting the FAC. *Id*. The Defendant requests the Court take judicial notice of the BWC footage. *Id*. Judicial notice permits a court to consider an adjudicative fact if it is "not subject to reasonable dispute." Fed. R. Evid. 201(b). Functioning similar to judicial notice, incorporation-by-reference is a judicially created

doctrine that treats certain documents as though they are part of the complaint itself. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) (citation omitted). Courts are permitted to consider documents not otherwise attached to the complaint if the authenticity of the document is not contested, and the plaintiff's complaint necessarily relies on them. *Sams v. Yahoo! Inc.*, 713 F.3d 1175, 1179 (9th Cir. 2013).

Here, Plaintiff does not challenge the authenticity of the BWC footage or object to Defendant's request for judicial notice. ECF No. 14. Plaintiff further does not deny that he used the BWC footage for the purpose of drafting his FAC. *Id.* Accordingly, the Court GRANTS Defendant's request for judicial notice of the BWC footage and the transcript thereof.

IV. **Arguments**

A. **Factual Sufficiency of Plaintiff's Negligence Claim**[3]

To state a claim for negligence, a plaintiff must show that the defendant had a duty to use due care, that defendant breached that duty, and that the breach was the proximate or legal cause of the resulting injury. *Hayes v. County of San Diego*, 57 Cal.4th 622, 629 (2013) (citation omitted). Here, Defendant argues that Plaintiff failed to plead a duty beyond stating a mere conclusory allegation. Plaintiff responds that the pleading notice standard does not require him to "apply facts to law, [or] fully outline in his initial pleadings how Plaintiff intends to argue his case."

The California Supreme Court has long recognized that officers have a duty to act reasonably when using deadly force. *Hayes*, 57 Cal.4th at 629 (collecting cases). Police officers further have a duty to use reasonable force when effectuating detentions and

---

[3] Defendant's motion to dismiss addresses the negligence claim against the City of San Diego but makes no challenge to Plaintiff's first claim based on 42 U.S.C. § 1983. Accordingly, the Plaintiff's first claim for relief remains undisturbed.

arrests, *i.e.*- not excessive force. *Cf. Knapps v. City of Oakland*, 647 F. Supp. 1129, 1164 (2009) (citing *Munoz v. City of Union City*, 120 Cal.App.4th 1077, 1101 (2004)). California law holds police officers liable to arrestees for using unreasonable force. *Scruggs v. Haynes*, 252 Cal.App.2d 256 (1967).

The facts alleged in Plaintiff's complaint are sufficient to plead a duty of care exists. Plaintiff has plausibly alleged negligence by alleging Doe Defendants anticipated the possibility of a human being inside the shed and that those officers owed such person a duty of reasonable care when they deployed the police dog. To determine whether an officer breached the duty of care, courts often turn to the reasonableness standard used in analyzing excessive force claims.

1. Doe Officer # 1

The Court finds Plaintiff has sufficiently pled a negligence claim against Doe Officer # 1. A police officer who fails to act reasonably is in essence to act without due care and vice versa. *Cf. McKay v. City of Hayward*, 949 F.Supp.2d 971, 987-88 (2013) and *Rosenbaum v. City of San Jose*, No.20-cv-04777-LHK, 2021 WL 6092205 at *22-24 (N.D. Cal. 2021). Moreover, the Ninth Circuit has found that excessive duration of a police dog-bite can support a claim of excessive force. *Watkins v. City of Oakland*, 145 F.3d 1087, 1090 (1998).

The Court finds that Plaintiff has stated a plausible breach of duty to use reasonable care against Doe Officer # 1. Plaintiff has alleged that during the seventeen to twenty second bite that Plaintiff endured, Doe Officer # 1 did not command Atos to release the Plaintiff. As a plausible claim against Doe Officer # 1 exists, so does a plausible claim against the Defendant. The issue of immunities is discussed below.

2. Doe Officers # 2-100

Unlike California code pleading, the Federal Rules of Civil Procedure neither authorize nor prohibit the use of fictitious parties; however, Rule 10 does require a plaintiff to include the names of all parties in his complaint. *See Keavney v. City of San Diego*, No. 19-cv-01947-AJB-BGS, 2020 WL 4192286 at *4-5 (S.D. Cal. 2020). "A

plaintiff may refer to unknown defendants as Defendant John Doe 1, John Doe 2, John Doe 3, and so on, but he must allege specific facts showing how each particular Doe defendant violated his rights." *Keavney*, at *4-5 (citation omitted).

Essentially, plaintiffs may proceed with fictious defendants in federal court, but this does not lift the burden of pleading sufficient facts to support claims against them. In the FAC, Plaintiff makes specific allegations only as to Doe Defendant # 1 (the officer handling Atos). The only allegation Plaintiff makes as to the other Doe Defendants is "at least five officers stood and watched." FAC ¶ 23. This is an insufficient factual allegation to plausibly allege a claim for relief against Doe Defendants 2-100.

Accordingly, the Court DISMISSES Doe Defendants 2-100 without prejudice. The Plaintiff may seek leave of court to file an amended complaint to identify Doe Defendant # 1 and amend his allegations to reinclude any Doe Defendants dismissed by this order.

**B. Immunities**

Defendant argues Doe Defendant #1 is entitled to two kinds of immunity under the California Government Code which also attach to Defendant. See Cal. Gov't Code § 821.6 ("prosecutorial immunity") and Cal. Gov't Code § 820.2 ("discretionary immunity"). Plaintiff argues that discovery is required to determine whether either of these immunities apply and argues his case falls into exceptions to these immunities. Defendant is correct that "[u]nder California law, a municipality's immunity depends on whether the police officers are immune." *Robinson v. Solano County*, 278 F.3d 1007, 1016 (2002). However, California "denies immunity to police officers who use excessive force in arresting a suspect." *Robinson*, at 1016. (collecting cases).

1. Prosecutorial Immunity under Cal. Gov't Code § 821.6

Section 821.6 immunizes public employees from injuries caused by "instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause." Cal. Gov. Code § 821.6. The California Supreme Court addressed § 821.6 in *Sullivan v. City of Los*

*Angeles*, where it ruled that prosecutorial immunity should not extend beyond malicious prosecution claims.  12 Cal.3d 710, 721 (1974).  However, since *Sullivan* was decided, the California Courts of Appeals have judicially broadened the scope of this prosecutorial immunity to include actions taken by police officers in the course of investigations.  See *Gillian v. City of San Marino*, 147 Cal.App.4th 1033, 1048 (2007), *Jenkins v. County of Orange*, 212 Cal.App.3d 278, 282 (1989) and *Silva v. Langford*, 79 Cal.App.5th 710, 717-720 (2022) (collecting cases).

When interpreting state law, federal courts must apply the reasoning of the state's highest court.  *Hewitt v. Joyner*, 940 F.2d 1565 (9th Cir. 1995).  The Ninth Circuit addressed the tension between the *Sullivan* decision and subsequent expansion by the California courts of appeals in *Sharp v. County of Orange*.  871 F.3d 901, 920-21 (2017). In *Sharp*, the Ninth Circuit reasoned that because *Sullivan* was a decision by the highest state court, it was bound by *Sullivan*'s interpretation of prosecutorial immunity statute and not the subsequent expansion by California state appellate courts.  *Id*.  Since *Sharp* was decided, the precise question of whether prosecutorial immunity is limited only to malicious prosecution claims has been submitted to the California Supreme Court and is currently under review as of the date of this Order.  See *Leon v. County of Riverside*, 493 P.3d 789 (Aug. 18, 2021).

Given the ruling in *Sullivan* and the Ninth Circuit's interpretation thereof in *Sharp*, this Court does not extend prosecutorial immunity under California Government Code § 821.6 to the officer's actions in the instant case.

2. <u>Discretionary Immunity under Cal. Gov't Code 820.2</u>

Next, Defendant argues Doe Defendant #1 is entitled to discretionary immunity. Plaintiff argues that this immunity cannot be determined without discovery, and further the instant case falls into an exception to this kind of immunity.

> "As our Supreme Court explained…the court established a workable definition of immune discretionary acts, which draws the line between planning and operational functions of government.  Immunity is reserved for those basic policy decisions [which have]…been [expressly] committed to coordinate branches of government,

and as to which judicial interference would thus be unseemly."

*Conway v. County of Tuolumne*, 231 Cal.App.4th 1005, 1014-15 (2014) (citations removed, cleaned up). The *Conway* court reasoned that discretionary immunity has "been found to apply to many areas of police work." The court found police officers were not immune "when their acts are ministerial or public policy dictates against immunity." *Id*. The distinction is important. "There is no immunity if the injury…results, not from the employee's exercise of discretion…to undertake the act, but from his negligence in performing it after having made the discretionary decision to do so…" *Martinez v. City of Los Angeles*, 141 F.3d 1373, 1379 (9th Cir. 1998) *citing McCorkle v. City of Los Angeles*, 70 Cal.2d 252, 261 (1969).

Although the issue of immunity can be decided on a motion to dismiss, *see Steinle v. City & Cnty. Of San Francisco*, 919 F.3d 1154, 1162 (9th Cir. 2019), the Court does not find that Doe Defendant #1 is entitled to enjoy immunity at this stage. As noted above, Section "820.2 does not shield liability from government employees who use excessive force in carrying out their duties." *Rodriguez v. Cnty. of Los Angeles*, 891 F.3d 776, 799 (9th Cir. 2018) (citation omitted). Discovery is required to analyze the circumstances under which the officer made his decisions, and whether such decisions should enjoy discretionary immunity.

Given the above, the Court DENIES City Defendant's Motion to Dismiss the negligence claim.

**C. Motion for More Definite Statement Under F.R.C.P. 12(e)**

Defendant requests a more definite statement under Federal Rule of Civil Procedure 12(e). Under Rule 12(e), a party may move for a more definite statement with respect to a complaint that is "so vague or ambiguous that the party cannot reasonably prepare a response." F. R. C. P. 12(e). The Defendant cites *McHenry v. Renee* in support of its request. 84 F.3d 1172 (1996). In *McHenry*, plaintiffs brought suit against multiple defendants stemming from arrests and injunctions relating to plaintiff's distribution of

free food in the city. *McHenry*, 84 F.3d at 1174. The district court in *McHenry* gave the plaintiffs two chances to amend their fifty-six-page complaint before ultimately dismissing the complaint. *Id.* at 1175. When plaintiffs appealed, the Ninth Circuit noted "Despite all the pages…one cannot determine from the complaint who is being sued, for what relief, and on what theory…" *Id.* at 1178.

That is not the case here. The Plaintiff has pled sufficient facts for Defendant to understand and prepare a response. Defendant's own arguments distinguishing cases regarding police officer immunity suggests it has sufficient understanding of the facts, and how the facts apply to Plaintiff's claims. Therefore, Defendant's Request for More Definite Statement is DENIED.

V. Conclusion

For the foregoing reasons, the Court ORDERS as follows:

1. Defendant City of San Diego's Request for Judicial Notice is GRANTED.
2. Defendants Does 2-100 are hereby DISMISSED.
3. Defendant City of San Diego's Motion to Dismiss Plaintiff's Second Claim for Relief for Negligence is DENIED.
4. Defendant City of San Diego's Motion for More Definite Statement is DENIED.

**IT IS SO ORDERED.**

Dated: December 8, 2022

HON. ROGER T. BENITEZ
United States District Judge